Peter Sullivan (NJ Bar # 53331992)
August T Horvath (*pro hac vice application forthcoming*)
**Foley Hoag LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: 646-927-5500
Email: psullivan@foleyhoag.com
         ahorvath@foleyhoag.com

*Attorneys for Defendants*
*Wakefern Food Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA SIDLE, individually and on behalf of all others similarly situated, <br><br>                Plaintiffs, <br>     -against- <br><br> WAKEFERN FOOD CORP., <br><br><br> Defendant. | Case No. 2:20-cv-16336 |

## <u>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

## **Table of Contents**

INTRODUCTION .................................................................................1

I.   Plaintiff Has Not Pled Deception Under NJCFA ............................1

  A.   Implausible Consumer Deception Claims Should Be and Have Been Dismissed As a Matter of Law...................................7

  B.   Plaintiff's Laboratory Analysis Is Irrelevant.....................11

II.  Plaintiff's Claims Are Preempted Because They Seek to Enforce Federal Regulations ...........................................................12

III. Plaintiff Has Not Adequately Pled the Other Claims...................14

IV.  Plaintiff Lacks Standing to Seek Injunctive Relief .......................15

CONCLUSION ...............................................................................15

FH5249223.2

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Barreto v. Westbrae Natural, Inc.*,
  No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436
  (S.D.N.Y. Jan. 7, 2021) ...................................................................3

*Bell v. Publix Super Markets, Inc*,
  No. 19-2581, 2020 WL 7137786 (7th Cir. Dec. 7, 2020) ....................10

*Clark v. Westbrae Natural, Inc.*,
  No. 20-cv-3221-JSC, 2020 U.S. Dist. LEXIS 224966
  (N.D. Cal. Dec. 1, 2020) ...............................................................4

*Cosgrove v. Blue Diamond Growers*,
  2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020).......................... *passim*

*Cosgrove v. Or. Chai, Inc.*,
  No. 19-cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229
  (S.D.N.Y. Feb. 22, 2021) ...............................................................3

*Dawson v. Ciba-Geigy Corp., USA*,
  145 F. Supp. 2d 565 (D.N.J. 2001) ....................................................13

*Eli Lilly & Co. v. Roussel Corp.*,
  23 F. Supp. 2d 460 (D.N.J. 1998) .....................................................13

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013) ............................................................11

*Hall v. Welch Foods, Inc.*,
  No. 18-10500, 2019 U.S. Dist. LEXIS 126803 (D.N.J. July 9, 2019)................15

*In re Johnson & Johnson Talcum Powder Prods. Mktg.*,
  *Sales Practices & Liab. Litig.*,
  903 F.3d 278 (3d Cir. 2018) ............................................................15

*In re Trader Joe's Tuna Litig.*,
  289 F. Supp. 3d 1074 (S.D. Cal. 2017) ................................................14

*Kennedy v. Mondelez Glob. LLC,*
    No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538
    (E.D.N.Y. July 10, 2020).........................................................................9

*Mantikas v. Kellogg Co.,*
    910 F.3d 633 (2d Cir. 2018).......................................................... *passim*

*PDK Labs, Inc. v. Friedlander*,
    103 F.3d 1105 (2d Cir. 1997) ...............................................................13

*Perez v. Nidek Co.*,
    711 F.3d 1109 (9th Cir. 2013) ...............................................................14

*Pichardo v. Only What you Need, Inc.,*
    No. 20-cv-0493 (VEC), 2020 U.S. Dist. LEXIS 199791
    (S.D.N.Y. Oct. 27, 2020)............................................................. *passim*

*Sharpe v. A&W Concentrate Co.*, No. 19-CV-768 (BMC),
    2020 U.S. Dist. LEXIS 152801 (E.D.N.Y. Aug. 23, 2020) ........................ *passim*

*Smajlaj v. Campbell Soup Co.*,
    782 F. Supp. 2d 84 (D.N.J. 2011)............................................................2

*Steele v. Wegmans Food Markets, Inc.,*
    No. 1:19-cv-09227 (LLS), 2020 U.S. Dist. LEXIS 123637
    (S.D.N.Y. July 14, 2020) .............................................................. *passim*

*Twohig v. Shop-Rite Supermarkets, Inc.,*
    No. 20-cv-763, 2021 U.S. Dist. LEXIS 26489
    (S.D.N.Y. Feb. 11, 2021) ................................................................3, 9

*Verzani v. Costco Wholesale Corp.*,
    No. 09-cv-2117, 2010 U.S. Dist. LEXIS 107699
    (S.D.N.Y. Sept. 28, 2010) ....................................................................13

*Wynn v. Topco Assocs., LLC,*
    No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714
    (S.D.N.Y. Jan. 19, 2021) .......................................................................3

iv

*Zaback v. Kellogg,* No.
   3:20-cv-00268 (BEN) (MSB), 2020 U.S. Dist. LEXIS 109449
   (S.D. Cal. June 22, 2020) .........................................................................4

## STATUTES & REGULATIONS

21 C.F.R. § 101.22 ........................................................................................5

Fed. R. Civ. P. 9(b) .......................................................................................2

N.J. Admin. Code § 8:21-1.3 ............................................................... 3, 4, 13

New Jersey Consumer Fraud Act N.J.S.A. § 56:8-1 ...............................14

New Jersey Consumer Fraud Act N.J.S.A. § 56:8-4 ................................2

v

## **INTRODUCTION**

Plaintiff's Opposition to Defendant's Motion to Dismiss does not rebut any of the reasons articulated by Defendant in its motion in support of dismissal of the First Amended Complaint (the "FAC").  The Opposition is nothing more than further misinterpretation of the relevant regulations and case law and a reassertion of allegations from the First Amended Complaint that are factually and legally baseless.  Accordingly, this case, like many other "vanilla" labeling cases brought by Plaintiff's counsel, should be dismissed with prejudice.

### **I.      Plaintiff Has Not Pled Deception Under NJCFA**

Plaintiff's opposition brief does not come close to establishing that reasonable consumers construe the use of the term "vanilla" in the manner that Plaintiff suggests in her FAC and opposition brief.  Despite Plaintiff's efforts to characterize the use of "vanilla" on the box of Wakefern's Wholesome Pantry brand Almondmilk (the "Product") as an ingredient claim and as a representation that the flavor comes only from vanilla bean extract, her arguments fail because Wakefern has neither made affirmative acts nor omissions regarding claims about the source of the vanilla flavor.  No reasonable consumer would interpret any of the claims on the box to imply that all of the Product's vanilla taste must come from vanilla bean extract.  For this reason, and as further explained in Defendant's

motion and the discussion below, Plaintiff's claims under New Jersey Consumer

Fraud Act ("NJCFA") N.J.S.A. § 56:8-1, *et seq.* thus fail.

Plaintiff's claim is not pled to the requisite particularity required by the

heightened Rule 9(b) pleading standard for NJCFA claims.  The FAC contains

almost no allegations specific to the Product, and any factual allegations about the

Product's contents are based entirely on Plaintiff's unfounded speculation about

the meaning of the Product's ingredient statement and worthless "analytical

testing."  Nonetheless, Plaintiff baselessly alleges unlawful conduct in two

categories - affirmative acts and knowing omissions.  Opp. at 8-10.

Despite Plaintiff's allegations to the contrary, the Product makes no

affirmative statements about the source of the vanilla flavor.  The "vanilla"

statement and picture of the vanilla plant on the front panel merely identify the

*flavor* of the product and make no affirmative statement regarding the *source* of the

vanilla flavor.

*Smajlaj v. Campbell Soup Co.,* 782 F. Supp. 2d 84 (D.N.J. 2011), cited by

Plaintiff, is inapposite.  Plaintiffs in that case did not challenge the identification of

any ingredient or flavor, but instead challenged a product label that referenced an

ambiguous comparative nutrient content claim.  Specifically, the product at issue in

*Smajlaj* contained a label that stated "25% LESS SODIUM THAN REGULAR

2

CONDENSED SOUP" and the website contained photos of the 25% less sodium soup together with the regular tomato soup.  The Court determined that it is plausible that a reasonable consumer would infer the statements were referring to the Defendant's line of regular tomato soup, rather than condensed tomato soup. There was no dispute as to what "sodium" means, nor as to the quantity of it in the challenged product.

Eight other federal cases similar to the case at hand, all filed by the same plaintiffs' counsel as in this case, and all involving almost identical consumer deception claims about vanilla, both in California and New York.  *See Cosgrove v. Or. Chai, Inc.,* No. 19-cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229 (S.D.N.Y. Feb. 22, 2021) (dismissing case and finding the "vanilla" labeling on a chai tea latte vanilla mix that included representations that it contained natural flavors did not lead consumers to believe that the company used vanilla beans as a primary or exclusive ingredient for vanilla flavoring); *Twohig v. Shop-Rite Supermarkets, Inc.,* No. 20-CV-763 (CS), 2021 U.S. Dist. LEXIS 26489 (S.D.N.Y. Feb. 11, 2021) (regarding soymilk); *Wynn v. Topco Assocs., LLC,* No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714 (S.D.N.Y. Jan. 19, 2021) (regarding almondmilk); *Barreto v. Westbrae Natural Inc.,* No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436 (S.D.N.Y. Jan. 7, 2021) (regarding soymilk); *Cosgrove v. Blue Diamond Growers,*

3

No. 19-civ-8993 (VM), 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020) (regarding almondmilk); *Pichardo v. Only What You Need, Inc.,* No. 20-cv-493 (VEC), 2020 U.S. Dist. LEXIS 199791 (S.D.N.Y. Oct. 27, 2020) (regarding protein drink)*; Steele v. Wegmans Food Mrkts. Inc.,* No. 1:19-cv-09227-LLS, 2020 U.S. Dist. LEXIS 123637 (S.D.N.Y. July 14, 2020) (regarding ice cream); as well as *Zaback v. Kellogg,* No. 3:20-cv-00268 (BEN) (MSB), 2020 U.S. Dist. LEXIS 109449 (S.D. Cal. June 22, 2020) (regarding granola) and *Clark v. Westbrae Natural, Inc.*, No. 20-cv-3221-JSC, 2020 U.S. Dist. LEXIS 224966 (N.D. Cal. Dec. 1, 2020) (regarding soymilk) in California.  The courts in these other cases all concluded that reasonable consumers do not interpret "vanilla" as a type of ingredient claim as Plaintiff contends in this case.

For example, in *Steele,* concerning the labeling of a vanilla ice cream, Judge Stanton found that the "vanilla" flavor designator merely tells the consumer whether the food tastes like vanilla, rather than chocolate, lemon, etc.  *Id.* at *4-5. The product in that case was ice cream, and "of course [the consumer] is not looking for a bowl of vanilla." *Id.* at *4.  Similarly, the *Pichardo* court, evaluating claims concerning a vanilla protein drink, also dismissed the case because consumers received what they expected – a drink that tastes like vanilla.  2020 U.S. Dist. LEXIS 199791, at *9-11 ("When consumers read vanilla on a product label,

4

they understand it to mean the product has a certain taste.  It is difficult to comprehend what is misleading when the Defendant's 'smooth vanilla' tastes like vanilla.")  The product in question in the matter *sub judice* is almondmilk, and the consumer is not looking for a box of vanilla.  The Product includes the flavor designation "vanilla," and also "a picture of a vanilla flower to describe the flavor of the almondmilk.  These designations communicate nothing about the *source* of the vanilla flavor.  *See Steele*, 2020 U.S. Dist. LEXIS 123637 at *5; *Pichardo*, 2020 U.S. Dist. LEXIS 199791, at *11.  As held by these cases, the Product label makes no actionable affirmative statement as to the source of the vanilla flavor in the Product.

Moreover, the Product label has not made any omissions and the information provided on it conforms to all relevant regulations.  Despite Plaintiff's allegations, the Product label is not required to include "artificially flavored" or "artificial flavor."  As explained in Defendant's moving brief, the FDA regulation governing the presentation of front-label flavor designators is 21 C.F.R. § 101.22(i) and requires an artificial-flavor designation only if one of two conditions is met:  either (1) "*none* of the natural flavor used in the food is derived from the product whose flavor is simulated," (21 C.F.R. § 101.22(i)(1)(ii), emphasis added), or (2) if the product contains a synthetically derived artificial flavor (21 C.F.R. § 101.22(i)(2)).

5

Here, as discussed in Wakefern's moving brief, Plaintiff admits that the Product

contains at least some vanilla bean extract, even though she conclusorily,

baselessly, and subjectively alleges that it is "trace or de minimis" amount (FAC

¶ 39).  She also fails to plead with any basis or plausibility that there is any

synthetic ingredient in the product.   Thus, the Product need not be identified as

"artificially flavored" under this regulation and it is not unlawful due to the

omission of such language.

Recognizing that application of the prior vanilla labeling cases discussed

above would be fatal to Plaintiff's claims in this case, Plaintiff futilely attempts to

distinguish those prior cases.  Plaintiff does so by insisting that the Product here

does not taste of vanilla.  Opp, at 12-15.   However, as Defendant has made clear in

its moving brief, such subjective allegations are not *factual* allegations sufficient to

sustain Plaintiff's Amended Complaint.  In *Cosgrove v. Blue Diamond Growers,*

also cited by Plaintiff, the court concluded that plaintiff, in making a similar

argument, had presented "no allegations that would show their argument regarding

the taste of 'authentic' vanilla [to be] anything but a *subjective* one, not shared by

the reasonable consumer."  2020 U.S. Dist. LEXIS at *11 (citing *Pichardo,* 2020

U.S. Dist. LEXIS 199791 at *6) (emphasis added).  Thus, despite Plaintiff's

6

attempts to bolster her allegations with this subjective taste claim, such subjective claims fail to save Plaintiff's insufficient pleading.

### A.    Implausible Consumer Deception Claims Should Be and Have Been Dismissed As a Matter of Law

Whether Plaintiff has adequately and plausibly pled facts giving rise to a false advertising cause of action is a question of law.  As explained in Wakefern's moving brief, the plausibility of an alleged consumer deception claim can be and has been dismissed as a matter of law at the motion to dismiss stage.  (Df. Mtn. at 22-25, collecting dismissal cases from this district and extra-district dismissal cases substantially identical to this one alleging misleading "vanilla" flavor designators).  The same fate is due for Plaintiff's false advertising claim here.  Reasonable consumers recognize that flavors do not suggest the presence of specific ingredients.  Moreover, Plaintiff has provided no plausible basis to allege that reasonable consumers would be deceived by the Product's label, just as none of the plaintiffs in the above-cited cases were not deceived by other substantially similar product labels.

Plaintiff continues to cite *Sharpe v. A&W Concentrate Co.*, No. 19-CV-768 (BMC), 2020 U.S. Dist. LEXIS 152801 (E.D.N.Y. Aug. 23, 2020), despite multiple courts having deemed it inapplicable to flavoring cases.  In *Sharpe*, the

7

plaintiffs did not challenge a flavor designator, but instead challenged "made with [ingredient]" claims, *i.e.*, express ingredient claims.  There is no such express ingredient claim made in this case about the Product's almondmilk packaging.  Rather, the "vanilla" statement on the Product label merely differentiates the almondmilk beverage from the other flavors of almondmilk.

Plaintiff also misguidedly relies on *Mantikas v. Kellogg Co.,* 910 F.3d 633, 637 (2d Cir. 2018) to support her definition of the reasonable consumer standard. *Mantikas* was an ingredient claim case involving crackers advertised as "MADE WITH WHOLE GRAIN" and "MADE WITH 8G OF WHOLE GRAIN PER SERVING."  Similarly, *Sharpe*, also misguidedly cited by Plaintiff, involved an ingredient claim involving a product advertised as "MADE WITH AGED VANILLA."  The court in each of these cases relied on the "made with" element of the product label statements in their holdings.

Multiple decisions issued subsequent to *Mantikas* and *Sharpe* have distinguished these decisions on the basis that they involved ingredient claim issues, not flavoring claim issues.  For example, in *Pichardo*, a case involving whether consumers would be misled by the flavor designator "Smooth Vanilla" on a protein drink, the district court confirmed that the *Mantikas* and *Sharpe* cases were inapposite to a case involving a protein drink with a "Smooth Vanilla" flavor

8

designator.  *Pichardo* at \*10.  The *Pichardo* court noted that "[h]ad Defendant's label contained other qualifying words, such as 'made with,' 'contains,' or 'vanilla beans,' a reasonable consumer might be led to believe that vanilla from vanilla extract is the exclusive or primary flavor ingredient…[but] [t]he label 'Smooth Vanilla" is not misleading because, absent additional facts like those present in *Sharpe,* reasonable consumers associate the word 'vanilla' with a flavor, not with an ingredient.  *Id.* at \*10-11 (citing *Steele,* 2020 U.S. Dist. LEXIS 123637, at \*2).

In *Kennedy v. Mondelez Glob. LLC,* the court held that the use of "graham" in the product's name was not an ingredient claim, but instead a description of the type and taste of the product.  The court found *Mantikas* inapplicable because "the products here are not labelled or represented as 'crackers made with graham flour' or 'crackers made with graham'—they are instead referred to as 'grahams' or 'graham crackers'…[and] use of the label 'graham' does not implicate the same concern about a particular ingredient being highlighted and presented to consumers to deceive them into thinking such an ingredient is the primary or predominant ingredient."  *Kennedy v. Mondelez Glob. LLC,* No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538, at \*34 (E.D.N.Y. July 10, 2020).

Most recently, two additional courts have determined *Mantikas* and *Sharpe* inapplicable to cases where there is a representation only about the flavor of the

product.  *See Twohig v. Shop-Rite Supermarkets, Inc.,* 2021 U.S. Dist. LEXIS 26489, at *12; *Cosgrove v. Blue Diamond Growers*, 2020 U.S. Dist. LEXIS 229294, at *9-10.

The same ingredient claim versus flavor claim distinctions that led courts to distinguish *Matikas* and *Sharpe* apply also to the present case.  When consumers read "vanilla" on a product label, they understand it to mean the product has a certain flavor or taste.  Here, the Product label does not contain a "made with" claim – the vanilla term is merely used as a flavor designator and not an ingredient claim.  Nowhere on the packaging does the Product claim to be "made with" any particular quantity of vanilla bean extract.  Moreover, even if Plaintiff could argue –and she cannot– that the Product label's use of "vanilla" is ambiguous, the ingredients list would dispel any confusion.

Plaintiff also futilely attempts to refute Wakefern's cited authorities by referencing another inapplicable case, *Bell v. Publix Super Markets, Inc.,* No. 19-2581, 2020 WL 7137786 (7th Cir. Dec. 7, 2020).  However, once again, Plaintiff misapplies a case whose facts are inapposite to the case at hand.  The product in *Bell* was labeled as "100% grated Parmesan cheese."  This statement was explicitly not just a flavor, or even an ingredient, claim, but instead was an identity claim. The label claimed not that Parmesan cheese was the *flavor* of the product, or even

10

that it *contained* Parmesan cheese as an ingredient, but that the product *was* Parmesan cheese, and that it was "100%" that.  Even more than a "made with" claim, it was the strongest possible explicit ingredient or content claim that could be made about the product, and thus the *Bell* holding is even more irrelevant to the flavoring claim at issue in this case.  Whatever the merits of the plaintiff's allegations in *Bell,* they are irrelevant to whether Plaintiff in this case has plausibly alleged consumer deception.  *Bell* simply held that different allegations about a different product label were plausibly alleged to be misleading.  Under the same standard articulated by the Seventh Circuit in *Bell,* the Product's labeling is not plausibly alleged to be misleading here.

In sum, at the pleading stage, when a claim of consumer deception is as patently implausible as Plaintiff's claim is here, the Court should rule as a matter of law that no plausible basis is pled that reasonable consumers will be deceived. *See Fink*, *v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  No reasonable consumer would perceive the purportedly misleading messages alleged by Plaintiff to be communicated by use of the term "vanilla" on the Product label in this case.

## B.    Plaintiff's Laboratory Analysis Is Irrelevant

Wakefern's moving brief revealed the many holes in Plaintiff's laboratory analysis that are apparent even from the very limited information provided, but

Plaintiff fails to rebut or resolve any of these inadequacies.  In a futile effort to overcome these inadequacies, Plaintiff argued in her Opposition brief that the laboratory analysis is a GC-MS test even though the Amended Complaint makes no such allegation.  Even if the laboratory analysis constituted a GC-MS test, however, the analysis is still irrelevant.  In fact, the *Steele* court refused to take the results of a similar GC-MS test into account because it did not test for specific chemical markers of vanilla extract.  *Steele*, 2020 U.S. Dist. LEXIS 123637 at *7 ("What is needed is to test, not for the universe of the ice cream's contents, but specifically for the presence of the particular chemical markers.").  A similar test was also relied upon by the plaintiffs in *Pichardo*, but the court gave it no weight in dismissing the complaint in that case.  2020 U.S. Dist. LEXIS 199791.  The same applies here.  Indeed, there is even less reason to think that Plaintiff's chromatography can reliably estimate the exact *amounts* of chemicals present in a complex product than that it could perform the relatively easier task of just detecting their presence or absence.  This Court should therefore follow *Pichardo* and *Steele* and rule that the cited laboratory testing adds nothing to the plausibility of Plaintiff's pleading.

## II.   Plaintiff's Claims Are Preempted Because They Seek to Enforce Federal Regulations

Plaintiff asserts that her consumer deception claims do not rely on federal regulations to establish consumer deception nor do they seek to enforce alleged violations of the FDCA.  *See* Pl. Opp. at 6.  To the extent that Plaintiff contends that her allegations against Wakefern are not dependent on any federal regulation or that the NJCFA has adopted the FDCA, this contention is clearly wrong and cannot save Plaintiff's case.  Numerous cases hold that plaintiffs may not bring an action that is, in substance, an attempt to enforce the FDCA under the guise of a state deceptive-practices law claim.  *See Dawson v. Ciba-Geigy Corp., USA,* 145 F. Supp. 2d 565, 570 (D.N.J. 2001) ("FDCA contains no private civil enforcement provisions which would encompass Plaintiffs' claims"); *Eli Lilly & Co. v. Roussel Corp.,* 23 F. Supp. 2d 460, 476 (D.N.J. 1998) ("Only the federal government, by way of either the FDA or the Department of Justice, has exclusive jurisdiction to enforce violations of the FDCA.") *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp*., No. 09-cv-2117, 2010 U.S. Dist. LEXIS 107699, at *8 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011); *In re Trader Joe's*

13

*Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017). Courts have dismissed such suits that would not have been brought but for the existence of an alleged FDCA violation, or that "exist solely by virtue of the FDCA." *Perez v. Nidek Co.*, 711 F.3d 1109, 1119 (9th Cir. 2013). Despite Plaintiff's attempts to distinguish or refute the applicability of the cases cited in Wakefern's moving brief, courts reviewing similar cases involving flavoring allegations have applied the same authority to determine that parties may not circumvent the lack of a private right of action for violation of federal law through claims made under NJCFA. Not only are alleged violations of the FDCA not per se deceptive practices under NJCFA § 56:8-1, but Plaintiff is expressly preempted from attempting to enforce the FDCA privately by asserting state-law duties tantamount to FDCA compliance, in part because alleged regulatory violations are not informative of whether consumers have been misled. Thus, as set forth in Wakefern's moving brief, the claims in this case, which rely entirely on the FDCA and on FDA regulations, is precisely the type of case that must be dismissed as preempted.

## III.   Plaintiff Has Not Adequately Pled the Other Claims

Plaintiff introduces no material new arguments or authority in support of the viability of her fraud, negligent misrepresentation, breach of warranty, or unjust

enrichment claims, and Wakefern stands on its original arguments to dismiss each of these claims.

## IV.   Plaintiff Lacks Standing to Seek Injunctive Relief

As argued in Wakefern's moving brief, the Third Circuit has made clear that a past purchaser now informed of the alleged deception does not have standing to seek injunctive relief.  *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278 (3d Cir. 2018); *see also Hall v. Welch Foods, Inc.,* No. 18-10500, 2019 U.S. Dist. LEXIS 126803, at \*34 (D.N.J. July 9, 2019) (finding the plaintiff lacks standing to pursue injunctive relief because "[p]laintiff has failed to establish any reasonable likelihood of future injury from purchasing Welch's Fruit Snacks").  This is dispositive of Plaintiff's claim for injunctive relief.

<b>CONCLUSION</b>

For the foregoing reasons, Wakefern respectfully requests that this Court grant its motion to dismiss Plaintiff's First Amended Complaint.

15

Dated: March 8, 2021                              Respectfully submitted,

                                                  */s/ Peter Sullivan*
                                                  Peter Sullivan (NJ Bar # 53331992)
                                                  *psullivan@foleyhoag.com*
                                                  FOLEY HOAG LLP
                                                  1301 Sixth Avenue, 25th Floor
                                                  New York, New York 10019
                                                  Tel:  (646) 927-5500

                                                  *Attorneys for Defendant Wakefern*
                                                  *Food Corp.*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 8th day of March 2021, a true

and correct copy of the foregoing document has been served on counsel of record

who are deemed to have consented to electronic service via ECF.


*/s/ Peter Sullivan*
Peter Sullivan